IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTON PANIN, | : | CIVIL ACTION NO. 1:24-CV-279 |
| | : | |
| Petitioner | : | (Judge Conner) |
| | : | |
| v. | : | |
| | : | |
| MERRICK GARLAND, *et al.*, | : | |
| | : | |
| Respondents | : | |

**ORDER**

AND NOW, this 5th day of August, 2024, upon consideration of respondents' suggestion of mootness (Doc. 27), wherein they request that the court dismiss petitioner Anton Panin's petition (Doc. 1) for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and writ of mandamus—in which he seeks an order declaring his "continued detention" by United States Immigration and Customs Enforcement unlawful and directing his immediate release, (see Doc. 1 at 1-2)—as moot in light of the fact that Panin is no longer in ICE custody, but instead has been in the custody of the United States Marshals Service at Adams County Prison in Gettysburg, Pennsylvania, since July 31, 2023, several days before he filed the instant petition, (see Doc. 27 at 1 (citing Doc. 8 at 2; Doc. 8-1)), and continues to be held there pursuant to an order of detention pending trial signed by this court in connection with his indictment for conspiring against the United States, see United States v. Panin, No. 1:23-CR-148, Docs. 69 (M.D. Pa. Aug. 23, 2023); see also id., Doc. 1, and further upon consideration of Panin's response (Doc. 28) in opposition, wherein he acknowledges that ICE does not currently have custody of him, but contends that

his petition is not moot because he is subject to an ICE detainer, which may affect his bail eligibility, (see id. at 1-2), and the court noting that "a petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition," see DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005) (citing Lane v. Williams, 455 U.S. 624, 631 (1982)), and further noting that Panin cites no authority for the proposition that the mere existence of an ICE detainer provides a basis for granting habeas relief to a petitioner who is not being held by the governmental entity against whom relief is sought, or that a habeas petition is the proper mechanism for seeking review of a bail determination rendered in connection with a criminal prosecution, and the court concluding that Panin's petition was moot the day he filed it because he was not in ICE custody, it is hereby ORDERED that:

1. Panin's petition (Doc. 1) for writ of habeas corpus is DISMISSED as moot and without prejudice to his ability to seek habeas relief in the future, if appropriate, in the event he is transferred to the custody of United States Immigration and Customs Enforcement.

2. The Clerk of Court shall CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania